UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| YE GUANGLUI,<br><br>    Petitioner,<br><br>    v.<br><br>U.S. ATTORNEY GENERAL,<br><br>    Respondent. | Case No. 2:21-cv-00060-GMN-BNW<br><br>**ORDER** |

    This is a habeas corpus action brought under 28 U.S.C. § 2241 by Ye Guanglui, an individual incarcerated at Nevada's Southern Desert Correctional Center. Guanglui filed his petition for writ of habeas corpus (ECF No. 1) on January 11, 2021.

    The Court has examined Guanglui's petition and determines that it is subject to dismissal because the Court lacks jurisdiction over it.

    Guanglui's petition alleges that he was ordered removed to China on June 18, 2020, and he is awaiting removal. *See* Petition for Writ of Habeas Corpus (ECF No. 1), pp. 3, 7. He claims that detention beyond 180 days following a final order of removal is illegal. *Id.* at 7. He states that he has not appealed the removal order or sought any administrative remedy in any forum. *Id.* at 3, 5, 6. He seeks "release from detention or a bond hearing." *Id.* at 8.

    Federal courts are courts of limited jurisdiction with the power to hear cases only when authorized by the Constitution and statute. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). "Dismissal for lack of subject matter jurisdiction is appropriate if the complaint, considered in its entirety, on its face fails to allege facts sufficient to establish subject matter jurisdiction." *In re Dynamic Random Access Memory (DRAM) Antitrust Litig.*, 546 F.3d 981, 984–85 (9th Cir. 2008).

8 U.S.C. § 1252(g) limits the judiciary's power to hear immigration matters:

> Except as provided in this section and notwithstanding any other provision of law (statutory or nonstatutory), including section 2241 of Title 28, or any other habeas corpus provision, and sections 1361 and 1651 of such title, no court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien under this chapter.

Additionally, 8 U.S.C. § 1252(a)(5) and (b)(9) limit judicial review of removal orders to appeals to the court of appeals following completion of established administrative process, and these provisions expressly preclude habeas jurisdiction over challenges to removal orders. Section 1252(b)(9) provides:

> Judicial review of all questions of law and fact, including interpretation and application of constitutional and statutory provisions, arising from any action taken or proceeding brought to remove an alien from the United States under this subchapter shall be available only in judicial review of a final order under this section. Except as otherwise provided in this section, no court shall have jurisdiction, by habeas corpus under section 2241 of Title 28 or any other habeas corpus provision, by section 1361 or 1651 of such title, or by any other provision of law (statutory or nonstatutory), to review such an order or such questions of law or fact.

"[W]hen a claim by an alien, however it is framed, challenges the procedure and substance of an agency determination that is 'inextricably linked' to the order of removal, it is prohibited by section 1252(a)(5)." *J.E.F.M. v. Lynch*, 837 F.3d 1026, 1032 (9th Cir. 2016) (quoting *Martinez v. Napolitano*, 704 F.3d 620, 623 (9th Cir. 2012)).

It is plain, in Guanglui's petition, that he challenges a removal order, and proceedings inextricably linked to such order; sections 1252(a)(5), (b)(9) and (g) apply and preclude this Court from exercising subject matter jurisdiction over this case. The Court will dismiss this action.

The Court need not determine whether a certificate of appealability is warranted. 28 U.S.C. § 2253(c)(1) does not require a certificate of appealability for an appeal because this would be an appeal from an order dismissing a petition for writ of habeas corpus under 28 U.S.C. § 2241, not a final order in a habeas proceeding in which the detention complained of arises out of process issued by a state court or a final order in a proceeding under 28 U.S.C. § 2255. *See Forde v. U.S. Parole Commission*, 114 F.3d

878, 879 (9th Cir. 1997). Guanglui may appeal by filing a timely notice of appeal in this action, in this Court.

**IT IS THEREFORE ORDERED** that this action is dismissed.

**IT IS FURTHER ORDERED** that the Clerk of the Court is directed to enter judgment accordingly.

DATED THIS 14 day of _____January_____, 2021.

_____
GLORIA M. NAVARRO,
UNITED STATES DISTRICT JUDGE